IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| GREG STEVENS MEYER, | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN,, in her | ) | Civil Action No. 2:12-cv-001059-DBP |
| capacity as Commissioner of the Social | ) | |
| Security Administration, | ) | Magistrate Judge Dustin B. Pead |
| Defendant. | ) | |

_____

Greg Stevens Meyer (Plaintiff) appeals the Commissioner of Social Security's (Commissioner) decision denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33, 1381-1383(c).[1]  Having considered the parties' written briefs, the administrative record and oral argument of counsel, this Court hereby REMANDS this case to the Commissioner for further consideration consistent with this Court's Ruling.

PROCEDURAL HISTORY

On June 30, 2009, Plaintiff protectively filed his Social Security applications alleging a

---

[1] The parties have consented to jurisdiction by U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) (doc. 11).

disability onset date of November 15, 2008.[2]  The Commissioner administratively denied Plaintiff's applications initially and on appeal (Tr. 83-88, 98-103).  Thereafter, Plaintiff filed a written request for a hearing.  *See* 20 C.F.R. § 404.929 et seq. and § 416.1429 et seq.  Plaintiff appeared and testified at a hearing held on March 11, 2011, before Administrative Law Judge ("ALJ"), Robin L. Henrie.  On June 6, 2011, the ALJ issued a decision concluding that Plaintiff was not disabled because he could perform other work that existed in significant numbers in the national economy (Tr. 22-37).  The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision for purposes of judicial review.  *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a).

Oral argument was held before this Court on July 16, 2013 (doc. 19).  Plaintiff's attorney John Borsos was in attendance and Stephanie Kiley, as counsel for the Commissioner, appeared telephonically.

STATEMENT OF RELEVANT LAW

I.      **Definition Of Disability Under The Act**

The Act states that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).  The inability to perform such work must last, or be expected to last, at least 12

---

[2] While his request for hearing was pending, Mr. Meyer amended his disability onset date to December 1, 2007, and then at the hearing amended it to November 15, 2008.

consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002) (stating Social Security Administration "reads the term 'inability' as including a '12 month' requirement").

## II.     Process For Determining Disability Under The Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process.  That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to [his] past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4).  If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary.  *Id*.

## III.    Standard Of Review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted).  The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Id.*  Where the evidence as a whole can support either the agency's decision or an award of benefits, the court must affirm the agency's decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

**ARGUMENT & DISCUSSION**

Plaintiff does not challenge the ALJ's assessment at the first three steps of the sequential evaluation; rather, Plaintiff argues that remand is required because the ALJ erred in rejecting the opinions of Plaintiff's treating and examining medical provider, Dr. John Speed.

**I.   The ALJ Improperly Rejected The Opinions of Claimants Medical Providers**

Plaintiff argues that the ALJ improperly rejected the opinion of his treating and examining medical provider, Dr. John Speed (Dr. Speed), in favor of the opinions of the State Agency medical consultants (doc 17).  Further, in determining not to give Dr. Speed's opinion "great weight," Plaintiff contends that the ALJ failed to provide "specific, legitimate reasons" for rejecting Dr. Speed's opinions (doc. 15).[3]  In response, the Commissioner argues that the ALJ appropriately considered the record as a whole and, based thereon, reasonably afforded little weight to the Dr. Speed's opinion (doc. 16).

Agency Rulings and Social Security Regulations clearly direct an ALJ toward an established process for deciding what weight to give treating source opinions.  *See Watkins v. Barnhart,* 350 F.3d 1297, 1301 (10th Cir. 2003).  Social Security Ruling 96-2 establishes a two-

---

[3]At oral argument, the Court concluded that Plaintiff's arguments regarding the ALJ's rejection of Dr. Rishe's opinion did not amount to error given that Dr. Rische did not examine Plaintiff during the relevant time period.  As pointed out by the Commissioner, Dr. Rische's opinion was omitted from the record because it occurred three years prior to Plaintiff's alleged onset date and because there was other medical evidence that pertained to the relevant time period.  *See e.g.* 20 C.F.R. § 404.1512(c) (Claimant "must provide medical evidence showing that [he has] an impairment(s) and how severe it is during the time [claimant] say[s] that [he is] disabled.").  *Cf Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995) (ALJ reasonably gave weight to opinion of one-time examining doctor where it was the only medical evidence that pertained to the relevant time period).

step sequential process for determining what weight should be given to a treating source's opinion. First, an ALJ must decide whether a treating source's opinion should be given controlling weight. *See Watkins*, 350 F.3d at 1300. The ALJ must determine whether the treating source opinion is "well-supported" by "acceptable clinical and laboratory diagnostic techniques." *Id.* (citing SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted)). Second, the ALJ must confirm that the opinion is consistent with other substantial evidence in the record. *See Watkins,* 350 F.3d at 1300. The reviewing court is required to remand a case where the ALJ fails to explain both the weight given to a treating source's opinions, and the reasons for assigning that particular weight. *See Watkins,* 350 F.3d at 1301. However, even if the ALJ does not give a treating source opinion controlling weight, the opinion is still entitled to deference, and the ALJ must still evaluate that opinion using the factors in 20 C.F.R. §§ 404.1527 and 416.927.[4] The ALJ is not required to expressly apply every relevant factor for weighing opinion evidence. *See Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007).

Here, the Court agrees with Plaintiff and concludes that the ALJ failed to give specific, legitimate reasons for giving little weight to Dr. Speed's opinion as a treating source. While it is entirely appropriate for the ALJ not to give a treating physician's opinion controlling weight, the

---

[4]Specific factors the ALJ must consider, include: "(1) the length of the treatment relationship and frequency of the examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." 20 C.F.R. §§ 404.1527, 416.927.

ALJ's reason for doing so must be clear and supported by "specific, [and] legitimate reasons." *See Miler v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996) (citing, *Frey v. Bowen,* 816 F.2d 508, 513 (10th Cir. 1987)).  While the decision states that Dr. Speed's opinion was "brief, conclusory and unsupported by medical evidence," the ALJ fails to give any specific examples or reasons as to why Dr. Speed's opinions are conclusory and unsupported (Tr. 34); *see Frey* 816 at 513 (internal citations and quotations omitted) ("We have suggested that a treating physician's opinion might be rejected if it is brief, conclusory, and unsupported by medical evidence, but we have emphasized that if the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth.").  While the ALJ seems to imply that Plaintiff's behavior was inconsistent with Dr. Speed's findings, the ALJ does not explicitly address those inconsistencies or synthesize his conclusions with other substantial evidence in the record.   In addition, it is not apparent as to whether the ALJ evaluated Dr. Speed's opinion using the factors outlined in 20 C.F.R. §§  404.1527 and 416.927.

  Finally, although the Commissioner ably provides its own reasons for the ALJ's rejection of Dr. Speed's opinions (limitations inconsistent with treatment notes, inconsistencies with other record evidence), post hoc justifications offered by the commissioner cannot be considered if they were not proffered at the administrative level. *See Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 169 (1962).

  For these reasons, the Court concludes that the ALJ failed to sufficiently explain the reasons relied upon for rejecting Dr. Speed's opinion as a treating source.  While the rejection of Dr. Speed's opinion may ultimately be valid, the Court hereby remands the matter so that the

ALJ may state the reasons for doing so and "make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." SSR 96-2p, *"Giving Controlling Wight to Treating Source Medical Opinions."* On remand, the ALJ is requested to synthesize and weigh the evidence in a meaningful way such that, upon review, this Court is able to determine whether substantial evidence in the record supports the ALJ's findings and conclusions relating to Dr. Speed's opinion. In doing so, it may be necessary for the ALJ to consider the sequential evaluation process in light of Dr. Speed's opinion.

## CONCLUSION

The Court finds that the ALJ's rejection of the Plaintiff's treating and examining physician Dr. Speed, was without substantial evidence and hereby REMANDS this case for further proceedings as set forth herein.

Dated this date of September 20, 2013.

_____
Dustin B. Pead
U.S. Magistrate Judge