# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **GREG STEVEN MEYER,** | |
| **Plaintiff,** | **MEMORANDUM DECISION & ORDER** |
| **v.** | **Case No. 2:12-cv-01059** |
| **CAROLYN W. COLVIN, Commissioner of the Social Security Administration,** | **Magistrate Judge Dustin Pead** |
| **Defendant.** | |

On November 15, 2012, Plaintiff Greg Steven Meyer (Plaintiff), filed his appeal of the Social Security Commissioner's decision denying his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-1383(c) (doc. 3). After briefing and oral argument, this Court issued a "Memorandum Decision and Order" (Order) finding that the Administrative Law Judge's (ALJ) "rejection of the Plaintiff's treating and examining physician, Dr. [John] Speed, was without substantial evidence" (doc. 20). Accordingly, the Court remanded the case back to the ALJ for further proceedings consistent with the Court's ruling.[1]

Currently, the case is again before the above entitled Court on Plaintiff's application for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)

---

[1]The parties in this case previously consented to having United States Magistrate Judge Dustin B. Pead conduct all proceedings, including entry of final judgment, with appeal to the United State Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73 (doc. 11).

(EAJA) (doc. 22).  Through his application, Plaintiff seeks an award of $7,095.71[2], representing 23.2 hours of attorney work at a rate of $187.01 per hour, 5.4 hours of attorney work at a rate of $187.46 per hour, 3 hours of attorney work at $187.50, 2.4 hours of attorney work at a rate of $187.54 per hour, 1.65 hours of attorney work at a rate of $187.76 per hour, and 2.4 hours of paralegal work at a rate of $60.00 per hour (doc. 23, doc. 25).  In response, the Commissioner filed an objection asserting that because its position on appeal was "substantially justified" Plaintiff's application for fees should be denied.  Id.

Pursuant to civil rule 7-1(f) of the Rules of Practice for the Untied States District Court for the District of Utah, the Court concludes that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## Standard of Review

The EAJA provides for an award of attorney fees to a prevailing party, unless the Court concludes that the position of the United States was substantially justified or special circumstances would make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A).  The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that

---

[2]This amount reflects Plaintiff's original fee request for $6,533.22, plus an additional three (3) hours of attorney work at $187.50 per hour, incurred by Plaintiff in preparing his reply memorandum, amounting to a total of $7,095.71 (doc. 25).  *See, e.g., Rose Velasquez v. Astrue,* No. 2:06-cv-297-TS, 2008 U.S. Dist. LEXIS 31329, at *6 (D. Utah Apr. 16, 2008 ) (unpublished) (determining that an award of fees incurred as a result of the dispute over the amount of proper fees was appropriate).

special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further provides that

> [a] party seeking an award of fees and other expenses shall, within
> thirty days of final judgment in the action, submit to the court an
> application for fees and other expenses which shows that the party
> is a prevailing party and is eligible to receive an award under this
> subsection, and the amount sought, including an itemized
> statement from any attorney or expert witness representing or
> appearing in behalf of the party stating the actual time expended
> and the rate at which fees and other expenses were computed.  The
> party shall also allege that the position of the United States was not
> substantially justified.  Whether or not the position of the United
> States was substantially justified shall be determined on the basis
> of the record (including the record with respect to the action or
> failure to act by the agency upon which the civil action is based)
> which is made in the civil action for which fees and other expenses
> are sought.

*Id.* § 2412(d)(1)(B).

> [T]he Commissioner ha[s] the burden of proof to show that [her]
> position was substantially justified.  The test for substantial
> justification in this circuit is one of reasonableness in law and fact.
> Thus, the [Commissioner's] position must be justified to a degree
> that could satisfy a reasonable person.  The [Commissioner's]
> position can be justified even though it is not correct.

*Hackett v. Barnhart,* 475 F.3d 1166, 1172 (10th Cir. 2007 )(quotations and citations omitted).

### Analysis

Plaintiff argues that pursuant to the EAJA he is entitled to an award of $7,095.71 in

attorney fees and has attached the required itemized statement of fees in support thereof (doc.22-

1).  As the prevailing party, Plaintiff contends that the Commissioner's position on appeal was

not substantially justified and therefore an award of fees is appropriate.  In response, the

Commissioner counters that when considering the record as a whole its position was

substantially justified and a "reasonable person could conclude that the ALJ's decision was

defensible" (doc. 23).   Additionally, the Commissioner argues that if attorney fees are to be

awarded in this case, they should be awarded directly to Plaintiff and not to Plaintiff's counsel.

Id.

In its Order, the Court determined that while the ALJ is not required to give a treating

source opinion controlling weight, a treating source opinion is still entitled to deference and

should  be evaluated using the factors set forth in 20 C.F.R. § § 404.1527 and 416.927 (doc. 20).

In support of its decision, the Court noted that the ALJ failed to give any specific or legitimate

reasons for not giving weight to Dr. Speed's opinion as a treating source and that the ALJ

neglected to synthesize its conclusions regarding inconsistencies between Dr. Speed's findings

and the Plaintiff's behavior along with other substantial evidence in the record.  Id.

While it is true that the Commissioner's position can be justified even if it is not correct,

*see Hackett,* 475 F.3d at 1172, the Court disagrees with the Commissioner that said principal

applies in this case.  Here, in the context of Plaintiff's attorney fee application, the Commissioner

supports its claim of substantial justification by arguing that the ALJ gave specific examples of

the weight given to Dr. Speed's opinion and referenced Dr. Speed's treatment in the weight

section of the decision (doc. 23) . Ultimately, however, the Commissioner is merely reasserting

the same arguments that the Court originally rejected on appeal and therefore the Court does not

find that the Commissioner's position was substantially justified.  Instead, the Court concludes

that Plaintiff's motion for attorney fees under the EAJA should be granted.  *See* 28 U.S.C.

 § 2412(d).

As to the Commissioner's second argument, the Court finds that an EAJA award is

payable directly to Plaintiff, rather than Plaintiff's counsel, and is subject to offset for satisfaction

4

of any pre-existing debt owed to the United States.  *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2526-27 (2010); *Brown v. Astrue* 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the Plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him.  Thus, the district court correctly declines to award the fees directly to counsel.").

Finally, although not challenged by the Commissioner, the Court concludes that the attorney fees sought by Plaintiff are reasonable.

## Order

Based on the foregoing, Plaintiff's motion for attorney fees pursuant to the EAJA is **GRANTED**.  Within thirty (30) days of the date of this Order, the Commissioner shall pay Plaintiff an EAJA attorney fee award of $7095.71, but that award shall be payable directly to Plaintiff, not to his counsel.

**IT IS SO ORDERED.**

DATED this 22nd day of January, 2014.

BY THE COURT:

_____
Dustin Pead
U.S. Federal Magistrate Judge